UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MINDY M. SPENCER,

      Plaintiff,

v.                                     Civil Action 2:25-cv-173
                                       Judge James L. Graham
                                       Magistrate Judge Chelsey M. Vascura

THE WENDY'S COMPANY,

      Defendant.

## ORDER

This matter is before the Court on Plaintiff's Motion for Clarification and Access Regarding Locked Docket Entry (Doc. 1) and for Certified Copy (ECF No. 51). This is Plaintiff's third motion seeking information from the Clerk as to the mechanics and metadata of how her case was opened and how her $9,999,000 demand came to be on the docket. (*See* ECF Nos. 39, 45.) As has been explained to Plaintiff on multiple occasions, and as recently as three days ago, there was nothing unusual about the way her case was opened and the Court has no further information to provide on this point. (ECF Nos. 40, 50.) Further, Doc. 1 is not "locked" as Plaintiff now represents; it simply never had a document attached to the docket entry as reflected by the current docket and the "(No document attached)" notation on Plaintiff's February 24, 2025 NEF. Doc. 1 is merely a text notation on the docket reflecting that the case had been opened.

Moreover, as the Court has already twice denied Plaintiff's request for further information on this topic, Plaintiff's current motion is essentially a motion for reconsideration of those prior denials. Yet Plaintiff has not identified any clear error of law, newly discovered evidence, or any other grounds for reconsidering those rulings. *See Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) (district courts review motions to reconsider under the same standard as motions to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure); *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (to prevail under Rule 59(e), the movant must show: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice). Nor should a motion for reconsideration be used to re-litigate issues previously considered. *Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 671 (6th Cir. 2003). Accordingly, Plaintiff's Motion (ECF No. 51) is **DENIED**.

Plaintiff's repeated motions on this subject are verging on vexatious. Plaintiff is **CAUTIONED** that any future motions seeking information, audit records, metadata, certified copies, etc., relating to the opening of her case or her $9,999,000 demand will be summarily denied.

IT IS SO ORDERED.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE