IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mindy Spencer,

    Plaintiff,                                  Case No. 2:25-cv-173
                                                   Judge James L. Graham
    v.                                          Magistrate Judge Chelsey M. Vascura

The Wendy's Company,

    Defendant.

<u>Opinion and Order</u>

Plaintiff Wendy Spencer, proceeding *pro se*, brings this action under the Family and Medical Leave Act, 29 U.S.C. § 2617(a), against her former employer, the Wendy's Company.  The complaint also asserts claims under the Americans with Disabilities Act and Ohio law.  This matter is before the Court on defendant's motion to dismiss the Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.    Background**

In her original Complaint, plaintiff alleged that on April 12, 2021 she received a promotion at Wendy's to the position of Liability Claims Analyst.  At some point shortly after receiving the promotion, she took FMLA leave because of various mental health challenges, including anxiety, depression, and post-traumatic stress disorder.  Upon returning to work in April 2022, she was demoted to her former position in customer care.  Plaintiff alleges that she was told that she "wasn't a good fit" as an analyst.  Doc. 2-1 at PAGEID #5.  The demotion resulted in a $13,000 per year decrease in salary.

Plaintiff further alleges that in the following months there were other opportunities for promotion but that she was "not given the chance for promotion."  *Id.* at PAGEID #8.  The Complaint does not explain the circumstances by which she was not given a chance for promotion.

Plaintiff took FMLA leave again from July 2022 to November 2022 to care for a sick niece. The Complaint alleges that her niece was dying and was like a daughter to plaintiff.  Plaintiff alleges that when she returned to work, the customer care leadership team members were no longer friendly to her, as they had been in the past.  Instead, they were "curt and cold."  *Id.* at PAGEID #6.  She

further alleges that she endured "increased micromanagement, auditing, and added pressure," but the complaint does not provide further details about the exact nature of the unwanted treatment. *Id.*

On February 7, 2023, plaintiff filed a charge of employment discrimination with United States Equal Employment Opportunity Commission. The charge alleged that plaintiff's demotion was an act of retaliation against her for taking FMLA leave. The charge also made reference to "disability laws" being in place to prevent situations like plaintiff experienced. *Id.*

Wendy's terminated plaintiff's employment on February 23, 2023. She filed another charge of discrimination with the EEOC on May 2, 2023. She alleged that Wendy's terminated her employment because she had taken FMLA leave and because of her mental-health-related disability.

Plaintiff filed this action on February 21, 2025. The Complaint contained no substantive allegations of its own, but rather consisted of the two EEOC charges plaintiff had filed and the Notice of the Right to Sue Letter which the EEOC issued on August 17, 2023.

Plaintiff filed an Amended Complaint on April 7, 2025. The Amended Complaint incorporates by reference the two EEOC charges, and it restates many of the factual allegations contained in those charges. It asserts claims related to plaintiff's demotion in April 2022 – specifically, that the demotion was a violation of the FMLA and an act of disability discrimination in violation of Ohio law. It also asserts claims relating to her termination on February 23, 2023 – specifically that her firing was a violation of the FMLA, the Americans with Disabilities Act, and Ohio law.

## II.     Standard of Review

Federal Rule of Civil Procedure 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Iqbal,* 556 U.S. at 679; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Twombly*, 550 U.S. at 555-56.

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation

of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Though "[s]pecific facts are not necessary," *Erickson*, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," *Twombly*, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-56. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Discussion

#### A. The ADA Claim and the Demotion-Based FMLA Claim are Time-Barred

Defendant's motion to dismiss argues that the ADA and FMLA claims are time-barred. The Court begins its analysis with the ADA claim, for which timeliness of filing suit is determined by reference to the EEOC right to sue letter. "A plaintiff seeking relief under the ADA must file suit within ninety days of receiving a right to sue letter from the EEOC." *McGhee v. Disney Store*, 53 Fed. App'x 751, 752 (6th Cir. 2002); *see also* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(1). Here, the EEOC issued the right to sue letter on August 17, 2023. *See* Doc. 2-1 at PAGEID #10. Plaintiff did not file suit until eighteen months later, on February 21, 2025. The ADA claim is thus untimely.

The FMLA has its own limitation period, not tied to the issuance of the right to sue letter. FMLA claims must be brought within two years of the event constituting the alleged violation. *See* 29

U.S.C. § 2617(c)(1). The Amended Complaint identifies two separate events for which plaintiff is alleging a violation: the demotion and the termination (which is discussed separately below). The demotion occurred in April 2022, nearly three years prior to the filing of this suit. The Court thus finds that the FMLA claim based on plaintiff's demotion was filed beyond the limitations period.

Plaintiff argues that her ADA claim and demotion-based FMLA claim should be saved through the application of equitable tolling. She argues that she has been suffering from the effects of PTSD, which should excuse her failure to meet procedural deadlines.

In determining whether to apply equitable tolling, a court considers the lack of actual or constructive notice of the filing requirement, plaintiff's diligence in pursuing her rights, the absence of prejudice to the defendant, and plaintiff's reasonableness in remaining ignorant of the legal requirements. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001); *Penley v. NPC Int'l, Inc.*, 206 F. Supp. 3d 1341, 1347–48 (W.D. Tenn. 2016). Mental health issues potentially can serve as a basis for equitable tolling. *See Krusley v. Mazza*, No. 6:24-CV-88-KKC-EBA, 2025 WL 40875, at *2 (E.D. Ky. Jan. 7, 2025). But plaintiff must demonstrate "a causal link between the mental condition and untimely filing." *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011).

Regarding the ADA claim, plaintiff does not dispute receiving the August 17, 2023 right to sue letter, which plainly gave notice (in bold font) of the 90-day requirement for filing a federal suit. *See* Doc. 2-1 at PAGEID #10. While the Court understands that plaintiff has mental health struggles, she has not demonstrated how those struggles prevented her from timely filing suit on her ADA claim. According to the Complaint, plaintiff suffered from PTSD and other issues no later than mid-2021. Plaintiff was able to twice file EEOC charges in 2023, on February 7 and May 2. She filed the second charge within 90 days after her February 23 termination. She has not shown any grounds to excuse her failure to file suit within 90 days of the right to sue letter.

The Court reaches the same conclusion regarding the FMLA claim based on plaintiff's demotion in April 2022. Plaintiff was able to articulate her FMLA retaliation theory concerning her demotion in both of the EEOC charges (even though she was not required to administratively exhaust her FMLA claim). Given plaintiff's awareness that an employer's retaliation against an employee for taking FMLA leave is unlawful and given plaintiff's ability to clearly present her claim twice in 2023, the Court finds no basis for concluding that the two-year statute of limitations should be equitably tolled.

Thus, the Court finds that the ADA claim and demotion-based FMLA claim are time-barred.

### B. The Termination-Based FMLA Claim is not Time-Barred

Defendant argues that the FMLA claim based on plaintiff's termination from employment on February 23, 2023 is also time-barred. Defendant believes that this suit was filed on February 24, 2025, one day past the applicable two-year statute of limitations. *See* 29 U.S.C. § 2617(c)(1).

The factual premise of defendant's argument is incorrect. This suit was filed on Friday, February 21, 2025. *See* Doc. 1 (docket entry of Feb. 21, 2025 reflecting receipt of the filing fee). The Clerk of Court did not docket the complaint until Monday, February 24, 2025, but the delay cannot be charged to plaintiff, who submitted her complaint and filing fee to the Clerk on February 21, within the two-year limitation period.

Accordingly, defendant's motion to dismiss the termination-based FMLA claim is denied.[1]

### C. The State Law Claims

The Amended Complaint asserts claims for disability discrimination and retaliation under Ohio law. *See* O.R.C. § 4112.02(A), (I). Plaintiff alleges that her demotion and her termination were acts of discrimination and retaliation based upon her disability.

Defendant first argues that plaintiff failed to administratively exhaust her claims by not filing a charge with the Ohio Civil Rights Commission. *See* O.R.C. § 4112.052(B). The Court must reject this argument because, as other courts have observed, the EEOC and the OCRC are parties to a worksharing agreement by which the EEOC is designated as the OCRC's agent for the purpose of receiving charges. *See Simrell v. Dave White Chevrolet, LLC*, No. 3:23-CV-1382, 2024 WL 2748488, at *3 (N.D. Ohio May 29, 2024); *see also Jones v. Fed. Express Corp.*, 952 F.3d 815, 818 (6th Cir. 2020). Indeed, the EEOC charges which plaintiff signed and submitted both included an acknowledgment (above the signature line) that plaintiff understood that the charges would be "filed with both the EEOC and the State or local Agency." Doc. 2-1 at PAGEID ##6, 9. Accordingly, the Court finds that plaintiff satisfied the state law exhaustion requirement. *See Simrell*, 2024 WL 2748488, at *4.

Defendant also argues that plaintiff's state law claims are time-barred. A two-year statute of limitations applies. *See* O.R.C. § 4112.052(C)(1). For the same reason the Court found plaintiff's demotion-based FMLA claim to be time-barred under the two-year statute of limitations, it finds plaintiff's demotion-based state law claim to be time-barred. And for the same reasons the Court rejected plaintiff's equitable tolling argument above, it declines to apply equitable tolling to the demotion-based state law claim. *See Coleman v. Columbus State Cmty. Coll.*, 2015-Ohio-4685, ¶ 16, 49

---

[1] Defendant has not presented any other grounds under Rule 12(b) for dismissing the claim.

N.E.3d 832, 838 ("A litigant seeking equitable tolling must demonstrate he diligently pursued his rights, but some extraordinary circumstance stood in his way and prevented timely action."). However, the Court finds that her termination-based state law claims are not time-barred, for the same reason stated above with respect to the termination-based FMLA claim.

### D. Leave to Amend

Plaintiff's response brief contains a request for leave to amend the Amended Complaint should any portion of the motion to dismiss be granted. *See* Fed. R. Civ. P. 15. Plaintiff does not indicate what amendments she would make, but asserts only that she has a right to full discovery on her claims.

The Court finds that plaintiff has stated no basis for being granted leave to amend. Further, the Court finds that any attempt to amend the ADA claim and the demotion-based claims and would be futile, as those claims are time-barred. *See Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990).

### IV. Conclusion

For the reasons stated above, defendant's motion to dismiss (Doc. 21) is granted in part and denied in part. It is granted with respect to the ADA claim and demotion-based FMLA and state law claims, but denied with respect to the termination-based FMLA and state law claims. Defendant shall file an Answer in accord with Rule 12(a)(4)(A).

Plaintiff's motion to deny defendant's motion to dismiss (Doc. 32), defendant's motion to strike plaintiff's motion (Doc. 34), plaintiff's motion to treat her motion as unopposed (Doc. 44), and plaintiff's motion for a status request (Doc. 54) are all denied as moot.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: December 1, 2025